CLD-096                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3337
_____

QUINTEZ TALLEY,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; FAYETTE COUNTY PENNSYLVANIA;
SUPREME COURT OF PENNSYLVANIA; PENNSYLVANIA STATE POLICE;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DISTRICT ATTORNEY
FAYETTE COUNTY; FAYETTE COUNTY DEFENDER ASSOCIATION; FAYETTE
COUNTY COURT OF COMMON PLEAS; JUDGE LINDA R. CORDARO; TROOPER
ROBERT SCHMID; D.A. RICHARD BOWER; A.D.A. SEAN M. LEMENTOWSKI;
A.D.A. WENDY O'BRIEN; CHIEF DEFENDER P.D. JAYNES; CISM TRAVIS
KNAPP; PSS SCHALIP; CAPT. SALLIAY; CAPT. WILLIAM TIFT; LT. JOSHUA
POSKA; LT. FREDERICK ST. JOHN; SGT. LOUIS DOBISH; C.O. CHAD
HARBAUGH; C.O. WILLIAM ROGERS; C.O. ANDREW HIGINBOTHAM;
UNKNOWN ADA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01208)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 6, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: March 21, 2025)

_____

OPINION*

_____

PER CURIAM

Quintez Talley, a Pennsylvania state prisoner and a frequent pro se filer, appeals pro se from the District Court's decision dismissing his civil complaint. For the reasons that follow, we will summarily affirm that judgment.

I.

In 2019, Talley was charged in Pennsylvania state court with arson and related offenses after he set fire to his prison cell at the State Correctional Institution at Fayette. In 2021, a jury found him guilty of all those offenses, and the trial court sentenced him to six to twelve more years in prison. Shortly thereafter, he filed a civil complaint in the District Court, raising various claims stemming from the investigation into, and prosecution for, the fire he set in his cell. He filed the complaint on behalf of himself and "Pennsylvanians with Mental Illness,"[1] and he named the following defendants: the Commonwealth of Pennsylvania, the County of Fayette, the Pennsylvania Department of Corrections, the Pennsylvania State Police and one of its troopers (who investigated the arson), multiple Pennsylvania state courts, the trial judge, the Fayette County District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Talley avers that he himself suffers from an unspecified mental illness.

2

Attorney's Office and a few of its employees, Fayette County's public defender's office and its chief public defender, and numerous prison officials.

Talley's complaint alleged that his constitutional rights were violated because "his arrest and prosecution were not supported by probable cause," "the evidence used against him was perjured, inaccurate, and/or unlawfully obtained or presented to the jury," and "he was not granted the process that he was due at trial." Mag. J. Report entered Apr. 13, 2022, at 12 [hereinafter Mag. J. Report]. He also alleged that various defendants "violated the [Americans with Disabilities Act ('ADA')] and [the Rehabilitation Act ('RA')] on account of his serious mental illness" by "arresting and prosecuting him for setting [the] fire," "precluding him from presenting evidence of insanity or mental infirmity to the jury at his criminal trial," "failing to testify that [he] set the fire not as an intentional criminal act, but as a result of his serious mental illness," "revealing [his] confidential information during trial," and "failing to provide adequate representation during [his] underlying criminal proceeding." Id. at 23-24. Additionally, Talley raised multiple claims under Pennsylvania state law.

The District Court referred the complaint to a United States Magistrate Judge, who screened it pursuant to 28 U.S.C. § 1915A. The Magistrate Judge then issued a report, recommending that the District Court (1) dismiss "Pennsylvanians with Mental Illness" from the lawsuit, (2) dismiss Talley's constitutional and federal claims pursuant to § 1915A(b) because they were frivolous, failed to state a claim upon which relief may be granted, and/or sought monetary relief from a defendant who was immune from suit, and

3

(3) and decline to exercise supplemental jurisdiction over his state-law claims. On

August 5, 2022, the District Court overruled Talley's objections to the Magistrate Judge's

report, adopted the report and its recommendations, and closed the case. This timely

appeal followed.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of

the District Court's August 5, 2022 decision is plenary. See Durham v. Kelley, 82 F.4th

217, 223 (3d Cir. 2023). We may take summary action if this appeal fails to present a

substantial question. See 3d Cir. I.O.P. 10.6.

We agree with the District Court's decision to dismiss this case. For one thing,

Talley, as a non-lawyer proceeding pro se, could not bring any claims on behalf of

"Pennsylvanians with Mental Illness." See 28 U.S.C. § 1654; Collinsgru v. Palmyra Bd.

of Educ., 161 F.3d 225, 232 (3d Cir. 1998), abrogated on other grounds by Winkelman ex

rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). Furthermore, for

substantially the reasons provided by the Magistrate Judge, which the District Court

---

[2] Talley's notice of appeal was initially due in September 2022. See Fed. R. App. P. 4(a)(1)(A). But on November 29, 2022, the District Court granted his motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) based on his failure to receive a copy of the District Court's August 5, 2022 decision. The order granting reopening gave Talley until December 13, 2022, to appeal, and he filed his notice of appeal before that deadline. Shortly thereafter, Talley moved to proceed in forma pauperis ("IFP") in this appeal and to stay the appeal. The Clerk granted the stay motion, and the appeal was held in abeyance pending the resolution of IFP-related issues in some of Talley's other appeals. In October 2024, the Clerk lifted the stay and granted Talley's IFP motion in this appeal.

adopted, Talley's own claims for relief under the United States Constitution, the ADA, and the RA were subject to dismissal under § 1915A(b). As the Magistrate Judge explained, (1) Talley's constitutional claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), because their success would call into question the validity of his conviction, and (2) his ADA and RA claims failed to allege non-conclusory facts establishing "that any of the actions taken by the Defendants w[ere] done so on the basis of his mental illness." Mag. J. Report 24. And since all of Talley's constitutional and federal claims were subject to dismissal, it was appropriate for the District Court to decline to exercise supplemental jurisdiction over his state-law claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[3]

---

[3] To the extent that Talley challenges any other order entered by the Magistrate Judge or the District Court in this case, we see no reason to disturb any such order. And to the extent that Talley seeks any other relief from us, that relief is denied.